UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14404-CIV-MIDDLEBROOKS/MAYNARD

**DEMARCUS ANTOINE MILLS**,

    Petitioner,

v.

**STATE OF FLORIDA**, *et al.*,

    Respondents.

_____/

## REPORT AND RECOMMENDATION THAT 28 U.S.C. § 2254 PETITION BE DISMISSED

**THIS CAUSE** is before me on Order of Reference from U.S. District Judge Middlebrooks. DE 7. Demarcus Antoine Mills ("Mills") is a Florida inmate seeking a writ of *habeas corpus* under 28 U.S.C. § 2254 ("§ 2254 Petition"). Mills challenges his 2010 state court (Indian River County, Florida) conviction for three counts of attempted robbery with a deadly weapon, two counts of burglary of a structure with an assault or battery, and one count of burglary of a conveyance. Mills pled guilty to these state charges, after which he was sentenced to life in prison.

In this proceeding, Mills challenges the constitutionality of his conviction. In particular, he asserts claims for ineffective assistance of trial and appellate counsel, as well as state court error in denying his state motion for post-conviction relief. The record consists of the § 2254 Petition and supporting Memorandum of Law, a Response, a Reply, and Appendices containing relevant portions of the state court record. DE 1; DE 6; DE 10-13. Having carefully considered the entire record, I **RECOMMEND** that the Petition be **DISMISSED** as untimely.

## BACKGROUND

On August 20, 2007, the State of Florida charged Mills by Information in *State v. Mills*, Case No. 2007-CF-1248 (Fla. 19th Cir. Ct. Aug. 20, 2007),[1] with nine counts for attempted felony murder (Count 1); robbery with a deadly weapon (Count 2); attempted robbery with a deadly weapon (Counts 3, 4, and 5); burglary of a structure with an assault or battery (Counts 6, 7, 8, and 9). DE 11-1 at 7-9 (Information). An assistant public defender was appointed to represent Mills.

On June 21, 2010, Mills appeared for a change of plea hearing, represented by counsel, where he pled guilty to one count of robbery with a firearm, three counts of attempted robbery with a firearm, and one count of burglary with an assault or battery. DE 12-1 at 3-12 (Change of Plea Hearing Transcript). At the change of plea hearing, Mills was advised of the potential sentence he could receive:

> THE COURT: Okay. I want to make sure you understand that. You know, the minimum sentence you're going to receive in this case would be at about 16 years in a state prison. Do you understand that? And the top would be life in prison. I just want to make sure you understand that by entering this plea your sentence is going to be somewhere between those two or it could be at the bottom or it could be all the way to the top. You understand that?
>
> MR. MILLS: Yes, sir.

*Id.* at 9. The guilty plea hearing coincided with a written plea form signed by Mills stating that he was entering an "open plea – no guarantee as to sentence." DE 11-1 at 11-17 (Felony Plea Form). As part of the plea agreement, the State agreed to *nolle prosse* the other counts. *Id.* at 12. The

---

[1] As borne out by the state court record, Mills was separately charged in *State v. Mills*, Case No. 2007-CF-1258 (Fla. 19th Cir. Ct.) with one count of robbery with a deadly weapon. Both cases were handled together. As stated on the record at Mills' change of plea hearing, Mills pled guilty to the one count in this second case "as charged." DE 12-1 at 2, 5. He was sentenced on all charges from both cases at the same time. *Id.* at 14.

plea form noted that a "10 yr min[] mand applies" and "the maximum possible penalty" was "(LIFE x 3) + (30 x 3)." *Id.* at 14.

On August 4, 2010, Mills appeared for sentencing. DE 12-1 at 12-51 (Sentencing Hearing Transcript). After hearing from Mills, four of Mills' family members (mother, younger brother, uncle, and grandmother), two victims from the underlying robberies, and counsel, the state trial court sentenced Mills to life imprisonment on the charge of robbery and a concurrent sentence of life imprisonment on the charge of robbery with a deadly weapon. *Id.* at 49-50. The state trial court further sentenced Mills to concurrent sentences ranging from 15 years to life in prison on each of the remaining counts. *Id.* at 50-51. This sentence was memorialized in state court orders committing Mills to the custody of Florida's Department of Corrections. DE 11-1 at 26-43 (Sentencing Orders).

On August 4, 2010, the same day Mills was sentenced, his counsel appealed to Florida's Fourth District Court of Appeal ("Fourth DCA"). DE 11-1 at 45 (Notice of Appeal). On August 24, 2010, Mills filed a *pro se* Motion to Withdraw Plea in the state trial court claiming that his plea was involuntary and that his counsel failed to advise him "of all pertinent matters surrounding the plea and the likely results." *Id.* at 47-48 (Motion to Withdraw Plea). On August 30, 2010, the state trial court struck Mills' Motion to Withdraw Plea on grounds that "[t]he court lacks jurisdiction to hear the motion filed after the notice of appeal was filed by counsel on August 4, 2010." *Id.* at 50-53 (Order Striking Motion to Withdraw Plea).

On December 6, 2010, while the case was still on direct appeal, Mills' counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 75-77 (Motion to Withdraw as Counsel). Mills' counsel separately filed a supporting legal brief invoking *Anders* and

representing to the appellate court that counsel's conscientious examination of the record led counsel to conclude that there were no meritorious issues that would entitle Mills to relief. *Id.* at 57-73 (*Anders* Brief). On December 10, 2010, the appellate court issued an Order permitting responses to counsel's motion to withdraw. *Id.* at 55 (Docket Sheet). No response was timely filed.

Around eleven months later, on November 9, 2011, the Fourth DCA issued an Order noting that it had deferred ruling on the motion to withdraw to allow Mills "a reasonable specified time within which to raise any points that he chose in support of this appeal," further noting that Mills did not timely respond, finding the appeal "wholly frivolous" upon "full examination of the proceedings," and granting counsel's motion to withdraw. *Id.* at 79. That same day, November 9, 2011, the Fourth DCA affirmed Mills' conviction and sentence *per curium* without written opinion, with the mandate issuing December 9, 2011. *Id.* at 81, 83; *see Mills v. State,* 75 So. 3d 290 (Fla. 4th DCA 2011). Mills did not appeal this decision to the Florida Supreme Court or file any petition for writ of certiorari with the Supreme Court of the United States.

Over two years later, on February 5, 2014, Mills filed a *pro se* "Petition for Ineffective Assistance of Appellate Counsel" in the state appellate court. DE 11-1 at 87-93. On February 27, 2014, the Fourth DCA denied this motion as untimely with citation to Florida Rule of Appellate Procedure 9.141(d)(5). *Id.* at 95.

The state court record then lay dormant for over seven years. Mills broke this silence on November 4, 2021, with his counseled filing of a "First Petition for Post-Conviction Relief Based Upon Rule 3.850, 3.800, Manifest Injustice or In the Alternative, Petition for Writ of Habeas Corpus Based Upon a Manifest Injustice, Request for Evidentiary Hearing." *Id.* at 97-107. On

January 18, 2022, the state postconviction court denied this motion on several grounds, including that ineffective assistance of appellate counsel claims must be raised in the appellate court, that Mills failed to allege a valid claim of illegal sentence, and that the claims of ineffective assistance of trial counsel filed more than two years after the state court mandate were time-barred. *Id.* at 110-11. Mills appealed this decision and the Fourth DCA summarily affirmed on April 21, 2022. *See Mills v. State,* No. 4D22-330 (Fla. 4th DCA Apr. 21, 2022); DE 11-1 at 158. The Fourth DCA issued its mandate on May 20, 2022. *See* Postconviction Mandate, *Mills v. State,* No. 4D22-330 (Fla. 4th DCA May 20, 2022); DE 11-1 at 160.

On December 6, 2022, Mills filed the instant § 2254 Petition. DE 1.

## **TIMELINESS**

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). The time limits for filing an application for habeas relief from a state conviction under the statute are set forth in 28 U.S.C. § 2244(d), which provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  Thus, "AEDPA requires that a state prisoner seeking habeas relief under Section 2254 bring his federal petition within a year from the date that his state conviction becomes 'final,' either by the conclusion of his direct review or the expiration of time to seek such review." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing 28 U.S.C. § 2244(d)(1)(A); *Carey v. Saffold*, 536 U.S. 214, 216 (2002)). The "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Pursuant to § 2254(d)(2), the one-year limitations period will be tolled for the "'time during which a *properly filed* application for State post-conviction or other collateral review' is pending in the state court." *Jones*, 906 F.3d at 1342 (emphasis in original) (quoting 28 U.S.C. § 2244(d)(2)). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In calculating the federal limitations period, a Florida prisoner's conviction becomes "final 90 days after the Florida district court of appeal affirm[s] his conviction" where a "prisoner could have sought review in the Supreme Court of the United States without first seeking review in the Supreme Court of Florida." *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (citation omitted). This is so because a "defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States." *Id.* at 1299. The Florida Supreme Court has held that it lacks jurisdiction to review a district court of appeal *per curiam* affirmance that is without written opinion. *Wells v. State*, 132 So. 3d 1110, 1112 (Fla. 2014) (citations omitted). Thus, "a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court." *Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988). In cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires.

Here, the Fourth DCA *per curiam* affirmed Mills' judgment and sentence on November 9, 2011 without a written opinion. *See Mills v. State,* 75 So. 3d 290 (Fla. 4th DCA 2011); DE 11-1 at 81. Mills did not seek review in the United States Supreme Court; therefore, his conviction became final upon expiration of the 90-day period for doing so, February 7, 2012. *See Chavers v. Secretary, Florida Dept. of Corrections*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after expiration of the 90–day period in which the petitioner could

have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate). Mills thus had one year from that date, or until February 7, 2013, to file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run). Mills did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply to render it timely.

Mills filed no motions or petitions in any court until February 5, 2014, when he filed a *pro se* motion alleging ineffective assistance of appellate counsel in the state appellate court. DE 11-1 at 87-90. This filing was nearly a year *after* the federal limitations period expired on February 7, 2013. Mills filed no other tolling applications in state court before this deadline. *See Hutchinson v. State of Fla.*, 677 F.3d 1097, 1098 (11th Cir.2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); *Tinker v. Moore*, 255 F.3d 1331, 1335 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Mills filed his instant § 2254 petition nearly a decade after the deadline expired, on December 6, 2022. Therefore, his § 2254 petition is untimely under § 2244(d).

In 2021, over eight years after the federal limitation deadline, Mills sought postconviction relief in state court. DE 11-1 at 97-107. Mills' Rule 3.850 postconviction motion alleged manifest injustice on grounds that he was not advised that he could receive up to life in prison if he entered a plea and he was not appointed conflict-free counsel on his motion to withdraw his plea. *Id.* The

state court denied Mills' postconviction motion, finding that ineffective assistance of appellate counsel claims must be raised in appellate court, that Mills failed to allege a valid claim of illegal sentence, and that the ineffective assistance of trial counsel claims were time-barred. *Id.* at 110-11. In finding the motion time-barred, the state court concluded that "[t]ime limits under Rule 3.850 cannot be circumvented by seeking habeas relief or merely labeling typical deficient performance of counsel claims as manifest injustice." *Id.* at 111. Because the state court found the postconviction motion untimely, the postconviction motion was not properly filed and did not toll the AEDPA federal limitation period. The Supreme Court of the United States has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). And the Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In other words, "[w]hen a postconviction motion is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). The Eleventh Circuit has also ruled that an untimely motion for post-conviction relief is not "properly filed" and does not toll the one-year period and it is of no consequence that the state court alternatively denied the motion on the merits. *Sweet v. Sec'y, Dep't of Corr.,* 467 F.3d 1311, 1318 (11th Cir. 2006) ("when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2),

regardless of whether the state court also reached the merits of one of the claims"). Therefore, there is no question that Mills' § 2254 Petition was not "properly filed," as the Florida courts expressly found his Rule 3.850 postconviction motion to be untimely, meaning this motion did not toll the one-year period.

Mills' brief two-page Reply fails to respond to Respondent's comprehensive timeliness argument. DE 13. Instead, Mills asserts as follows:

> Following his sentencing, [Mills] filed a *pro se* motion to vacate his plea and sentence that showed his confusion and lack of understanding of what transpired at his plea and sentencing and raising the question of whether his guilty plea was knowingly and voluntarily entered. That motion was never considered by any court. The public defender's office barred consideration of his motion to vacate by filing a notice of appeal that they had no intention of pursuing. They filed an *Anders* brief offering no arguments for consideration on direct appeal in state court while blocking consideration of petitioner's claims of ineffective assistance of counsel.

*Id.* at 1. This assertion is unavailing and ignores the undisputed salient fact that the Fourth DCA expressly afforded Mills a reasonable amount of time to respond to the *Anders* brief and related motion to withdraw as part of the direct appeal process. Mills did not file anything or otherwise respond within the approximately eleven months of time that transpired between the filing of the *Anders* brief and the Fourth DCA's *per curiam* affirmance of his conviction and sentence. He offers no reason or justification for his failure to do so.

Mills also does not argue that his untimely federal petition is subject to review on the bases of equitable tolling, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013) or actual innocence, *see Holland v. Florida*, 560 U.S. 631 (2010). He therefore does not escape the time-bar through one of these exceptions.

For equitable tolling to apply, a petitioner must demonstrate that (1) he pursued his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Downs v. McNei1*, 520 F. 3d 1311, 1318 (11th Cir. 2008) (equitable tolling "is a remedy that must be used sparingly"); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (in the Eleventh Circuit, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence"). The petitioner bears the burden of showing extraordinary circumstances that are beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. *Wade v. Battle*, 379 F. 3d 1254, 1265 (11th Cir. 2004). Here, a review of the record does not reveal any sign of qualifying diligence or other extraordinary circumstance that would warrant the sparingly applied remedy of equitable tolling.

An "actual innocence" exception to the AEDPA's one-year time limit requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1017 (11th Cir. Feb. 20, 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Mills has not claimed or asserted any new reliable evidence of his actual innocence.

Based on the foregoing, the instant Petition is unquestionably untimely. Sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of*

*Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013). And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled). Such is the situation here. Mills' conviction became "final" on February 7, 2012—90 days after the Fourth DCA's *per curiam* affirmance of his conviction and sentence. Mills thus had until February 7, 2013, to timely file his petition for federal habeas relief or toll the limitations period by seeking state collateral relief. He did neither of these things. His state postconviction motion, filed in 2021, came several years too late. It thus had no tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259. Mills presents nothing to indicate an extraordinary circumstance that stood in the way of timely filing. At most, he asserts that he was denied review on his federal claims because the state courts never reached the merits of his untimely petition. But that does not mitigate Mills' failure to timely file his petition for federal habeas relief.

There is no indication that Mills diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a federal habeas petition in this Court. Accordingly, his § 2254 Petition is untimely and should be **DISMISSED**.[2]

### CERTIFICATE OF APPEALABILITY

A habeas petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of

---

[2] In addition to arguing that Mills' § 2254 Petition is untimely, Respondent also argues that the claims raised are procedurally defaulted, unexhausted, and fail on the merits. DE 10 at 9-27. Because I agree with Respondent that the Petition should be dismissed as time-barred, these alternative arguments need not be reached.

appealability to do so, where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a petitioner's claims on a procedural basis, "the petitioner must show that reasonable jurists would find debatable whether: (1) the district court was correct in its procedural ruling, and (2) the petition stated a valid claim of the denial of a constitutional right." *Morris v. Sec'y, Dep't of Corr.*, No. 18-13564-D, 2018 WL 11223139, at *1 (11th Cir. Dec. 6, 2018) (citing *Slack*, 529 U.S. at 484). A petitioner must satisfy both prongs. *Id*. (holding that "the district court properly found [petitioner's] § 2254 petition was time-barred" where the petition was filed approximately 40 years after the subject conviction became final, and no exception to the time bar applied).

Upon consideration of the record, I find that the Court should deny a certificate of appealability because reasonable jurists would not find a ruling that the Petition is time-barred to be debatable or wrong. Thus, Mills is unable to make the required showing to warrant issuance of a certificate of appealability. Notwithstanding, if Mills does not agree, Mills may bring this argument to the attention of the District Judge in objections to this Report.

## CONCLUSION AND RECOMMENDATION

Consistent with the foregoing, I find that Mills' § 2254 Petition was filed well after the federal limitations period expired. Mills fails to satisfactorily allege, let alone demonstrate, that he is entitled to federal review of his claims through any recognized exception to the time bar. Therefore, I respectfully **RECOMMEND** that Mills' § 2254 Petition, DE 1, be **DISMISSED** as untimely and that a certificate of appealability be likewise **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Donald M. Middlebrooks within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE (5) DAYS of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 8th day of January, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE